```
Priority    ✓
Send        ✓
Enter       ✓
Closed      ✓
JS-5/JS-6   ✓
JS-2/JS-3   ___
Scan Only   ___
```

FILED
CLERK, U.S. DISTRICT COURT
OCT - 2 2001
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISS UNIVERSE L.P., LLLP, a Delaware Limited Liability Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL PAGEANTRY SYSTEMS, INC., a Texas corporation; FRANCISCO JAVIER ALVAREZ a/k/a KITTY DEVINO, an individual,<br><br>Defendants. | Case No. CV00-11744 CM (CTx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANTS |

Presently before the Court is Plaintiff's Motion requesting the Court to enter a default judgment against Defendants, pursuant to Federal Rule of Civil Procedure 55(b)(2), for failure to respond to the Complaint. Having considered Plaintiff's unopposed motion as well as the pleadings and papers in the Court's file, the Court hereby <u>grants</u> Plaintiff's Motion and enters a default judgment for the following reasons.

//
//
//

```
✓ Docketed
✓ Copies / NTC Sent
✓ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD
```

I.

<u>Factual Background and Procedural History</u>

On November 3, 2000, Plaintiff, Miss Universe L.P., LLLP, filed this action against Defendants, Global Pageantry Systems, Inc. ("Global") and Francisco Javier Alvarez ("Alvarez"). In its complaint, Plaintiff alleges claims of (a) federal trademark infringement; (b) federal unfair competition, false designation of origin or sponsorship; (c) federal trademark dilution; (d) state unfair competition; and (e) state trademark dilution. The facts giving rise to the Complaint are as follows.

Plaintiff Miss Universe is the owner of over twenty trademark and service mark registrations, and variants, including MISS USA, MISS UNIVERSE, MISS TEEN USA, MISS U.S.A. PAGEANT, MISS ALABAMA USA, MISS TEEN ALABAMA USA, and MISS GREAT BRITAIN UNIVERSE ("Marks"). Plaintiff and its predecessors-in-interest, for almost fifty years, have used the MISS UNIVERSE and MISS USA marks in connection with beauty pageants, preliminary pageants, and related goods and services throughout the United States and the world. Plaintiff has promoted and advertised its Marks in beauty pageants held and broadcast in the United States and throughout the world.

Defendant Global and its founder and President, Defendant Alvarez, promote and produce beauty pageants featuring female impersonators. These pageants include Miss Gay Universe Pageant, Miss Gay Universe at Large Pageant, Miss Gay USA Pageant, and Miss Texas Universe Pageant, a preliminary pageant. Defendants use the following marks in the promotion and production of their pageants: UNIVERSE PAGEANTRY, MISS GAY UNIVERSE, MISS GAY

UNIVERSE AT LARGE, MISS GAY USA, and MISS GAY USA AT LARGE. Defendants do not have permission or authorization from Plaintiff to use these marks.

Defendant Global filed trademark applications with the United States Patent and Trademark Office ("USPTO") for the marks UNIVERSE PAGEANTRY, MISS GAY UNIVERSE, and MISS GAY USA. In response to Defendant Global's trademark applications, Plaintiff wrote to Defendants' attorney requesting that Defendants cease the use of Plaintiff's Marks and to withdraw their trademark applications. Defendants refused to cease their use of Plaintiff's Marks. Subsequently, Plaintiff filed with the USPTO timely oppositions to Defendant Global's trademark applications and filed a complaint with this Court on November 3, 2000. The USPTO proceedings for Defendant Global's trademark applications are suspended pending a final decision by this Court. Further, in August 2001, Defendants held a MISS GAY UNIVERSE pageant in Oklahoma City, Oklahoma.

Defendants failed to answer Plaintiff's complaint, and on June 13, 2001, the court clerk entered a default against Defendants. Plaintiff now seeks a default judgment from this Court. Specifically, Plaintiff has asked this Court (1) to permanently enjoin Defendants and their agents from infringing on Plaintiff's Marks; (2) to permanently enjoin Defendants and their agents from applying to incorporate under any name which infringes on Plaintiff's Marks; (3) to direct the Commissioner of Trademarks to deny registration of Defendant Global's pending trademark applications; and (4) that the Court retain jurisdiction for the purposes of enforcing the requested

3

permanent injunction.

## II.

### Applicable Standard

A finding of default is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). The default rule serves to protect a diligent party "lest he be faced with interminable delay and continued uncertainty as to his rights." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2681 (2d ed. 1983). Judgment by default may be entered when the party entitled to judgment by default applies to the Court. Fed. R. Civ. P. 55(b)(2).

This District Court's Local Rule 14.12 provides that an application for default judgment must set forth (1) when and against what party the default was entered; (2) that the defaulting party is neither an infant nor incompetent; (3) that the Soldiers and Sailors' Civil Relief Act of 1940 does not apply; and (4) that notice has been served on the defaulting party if required by the Federal Rules.

Even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather, it is left to the sound discretion of the Court. <u>Draper v. Coombs</u>, 792 F.2d 915 (9th Cir. 1986). The Court, in exercising its discretion to grant or deny entry of a default judgment, should consider the following factors: (1) the substantive merits of Plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of

money at stake; (4) the possibility of prejudice to Plaintiff if relief is denied; (5) whether default was the result of excusable neglect; and (6) the strong policy of the Federal Rules that favors decisions on the merits. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

A court can order default judgment against one of several codefendants "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of such judgment." Fed. R. Civ. P. 54(b).

In applying this discretionary standard, default judgments are more often granted than denied. Schwarzer, Tashima and Wagstaffe, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 6:102 (The Rutter Group, 1996). Additionally, default judgments are proper when defendant has never appeared in the action, its failure to defend is unexplained, and Plaintiff would suffer prejudice if the default were not entered. See <u>Chrysler Credit Corp. v. Macino</u>, 710 F.2d 363 (7th Cir. 1983).

### III.
### Analysis

The Court first notes that Plaintiff has satisfied the four requirements of Local Rule 14.12. Plaintiff's Motion for entry of a default judgment and its attached documents establish when and against which party the default was entered, that the defaulting party is neither an infant nor incompetent, that the Soldiers and Sailors' Civil Relief Act of 1940 does not apply, and that notice was served on the defaulting party.

Next, the Court finds that the six <u>Eitel</u> factors weigh in

favor of granting Plaintiff's judgment by default. Plaintiff has introduced evidence that supports its claims of infringement. Approximately nine months have passed and Defendant has failed to answer the Complaint after being properly served. In addition, Plaintiff will undoubtedly suffer prejudice unless a default is entered because Defendants will continue to use Plaintiff's Marks in connection with similar activities. This is evident since after Plaintiff filed its complaint, Defendants held a pageant under an allegedly infringing name. Consequently, this Court finds that Plaintiff is entitled to judgment in its favor.

Plaintiff seeks a Court order to enjoin Defendants from infringing upon Plaintiff's Marks, an order directing the Commissioner of Trademarks to deny registration of Defendant Global's pending trademark applications, and that the Court retain jurisdiction. The Court decides as follows:

<u>1. Named Defendants are Permanently Enjoined From Infringing on Plaintiff's Marks</u>

Defendants, their affiliates, agents, servants, employees, independent contractors, and all persons controlled by Defendants, or acting in concert or participation with Defendants, are permanently enjoined and restrained from the following activities:

(a) from using the "MISS USA," "MISS GAY U.S.A.," "MISS GAY USA AT LARGE," "MISS UNIVERSE," "MISS GAY UNIVERSE," "MISS GAY UNIVERSE AT LARGE," and "UNIVERSE PAGEANTRY;"

(b) from using the word "MISS" together with the word "USA" or

1           "UNIVERSE;" and
2   (c)     from otherwise infringing any of Plaintiff's registered and
3           unregistered trademarks.
4
5           <u>2. Named Defendants are Permanently Enjoined From</u>
6           <u>Incorporating Under Any Name Which Infringes on Plaintiff's</u>
7           <u>Marks</u>
8
9           Defendants, their affiliates, agents, servants, employees,
10  independent contractors, and all persons controlled by
11  Defendants, or acting in concert or participation with
12  Defendants, are permanently enjoined and restrained from
13  incorporating in any state under any name which includes the
14  terms:
15  (a)     "MISS USA," "MISS GAY U.S.A.," "MISS GAY USA AT LARGE,"
16          "MISS UNIVERSE," "MISS GAY UNIVERSE," "MISS GAY UNIVERSE AT
17          LARGE," and "UNIVERSE PAGEANTRY;" and
18  (b)     "MISS" together with the word "USA" or "UNIVERSE."
19
20          <u>3. Plaintiff is DENIED an Order Directing the Commissioner</u>
21          <u>of Tradedmarks to Deny Defendants' Trademark Registrations,</u>
22          <u>However, Defendant Global is ORDERED to Withdraw Its</u>
23          <u>Trademark Applications</u>
24
25          The Court <u>denies</u> Plaintiff's request to order Commissioner
26  of Trademarks to deny Defendant Global's trademark applications
27  for the marks MISS GAY USA, Ser. No. 75/776,314; MISS GAY
28  UNIVERSE, Ser. No. 75/390,640; and UNIVERSE PAGEANTRY, Ser. No.

75/390,628.

Since this Court finds that "MISS GAY USA," "MISS GAY UNIVERSE," and "UNIVERSE PAGEANTRY," infringes on Plaintiff's Marks, Defendant Global is <u>ordered</u> to withdraw its trademark applications filed with the United States Patent and Trademark Office for the marks MISS GAY USA, Ser. No. 75/776,314; MISS GAY UNIVERSE, Ser. No. 75/390,640; and UNIVERSE PAGEANTRY, Ser. No. 75/390,628.

### 4. The Court Retains Its Jurisdiction to Enforce the Permanent Injunction

The Court finds that Plaintiff has made a sufficient showing that would require the Court to retain jurisdiction to enforce the terms of the permanent injunction since it appears that Defendants may continue to infringe Plaintiff's trademarks. Thus, the Court <u>grants</u> Plaintiff's request that the Court retain jurisdiction in connection with this permanent injunction.

//
//
//
//
//
//
//
//
//
//

IV.

Conclusion

For all of the above stated reasons, the Court <u>grants</u> Plaintiff's motion and enters default judgment as detailed above against Defendants specifically named in this action.

IT IS SO ORDERED.

DATED: October 2, 2001

*[signature]*

Carlos R. Moreno
United States District Judge